HERNÁNDEZ, PETICIONARIO, *v.* HUTCHISON, JUEZ DE DISTRITO,
DEMANDADO.

SOLICITUD para que se expida mandamiento de *certiorari* al
Juez de la Corte de Distrito de Mayagüez en un procedi-
miento sobre aseguramiento de sentencia en un caso de
indemnización de daños y perjuicios por libelo.

No. 128.—Resuelto en julio 20, 1914.

CERTIORARI—ASEGURAMIENTO DE SENTENCIA—MANDAMIENTO DE EMBARGO EXPE-
DIDO DESPUÉS DE DICTADA SENTENCIA FINAL.—De acuerdo con la sección 1ª.
de la ley sobre efectividad de sentencias, de marzo 1, 1902, enmendada por
la ley de marzo 12, 1903, el aseguramiento de sentencia debe pedirse antes
de que se dicte sentencia final por la corte sentenciadora, y dicho tribunal
carece de jurisdicción para decretar dicho aseguramiento después de dictada
sentencia final, pudiendo revisarse dicho procedimiento por medio de un recurso
de *certiorari*.

SENTENCIA FINAL—ASEGURAMIENTO DE SENTENCIA.—Sentencia final a los efectos
de aseguramiento de sentencia, de acuerdo con la ley de marzo 1, 1902, es la
dictada por la corte que conoce del caso en primera instancia.

Los hechos están expresados en la opinión.

El peticionario compareció en nombre propio.

El demandado no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Con fecha 2 de julio corriente Agustín Hernández Mena
en propia representación acudió a esta Corte Suprema en
solicitud de auto de *certiorari* que había de dirigirse al Juez
de la Corte de Distrito de Mayagüez para que remitiera los
autos originales del caso civil No. 3956 por José Benet Colón
contra el citado Hernández Mena sobre indemnización de
daños y perjuicios, y mediante revisión de los procedimientos
se dicte resolución anulando la orden dictada por el Hon.
H. M. Hutchison, como juez de la referida Corte de Maya-
güez, en 15 de mayo de 1914, por la que dispuso a instancia
del demandante José Benet, que el secretario expidiera man-

damiento al márshal para embargo de bienes al demandado Hernández Mena en aseguramiento de la efectividad de la sentencia, y se anularan asimismo el mandamiento de embargo librado al márshal y el embargo practicado en 22 de junio de 1914 en virtud de la orden de que se deja hecho mérito.

Expedido el auto de *certiorari* solicitado, fueron elevados a esta Corte Suprema los autos originales del pleito No. 3956 de que se deja hecho mérito y de ellos resulta:

*Primero.* Que presentada demanda por José Benet Colón contra Agustín Hernández Mena en reclamación de $45,000 por indemnización de daños y perjuicios por libelo infamatorio, se decretó por la Corte de Distrito de Mayagüez en 4 de febrero de 1913 a instancia del demandante, bajo fianza que había de prestar por la suma de $3,000, el aseguramiento de la sentencia que recayera en el pleito, a cuyo fin se dispuso fueran embargados bienes del demandado Hernández Mena en cantidad bastante a cubrir la suma de $5,000 de la cantidad reclamada con más $700 para gastos, desembolsos y honorarios del abogado del demandante Benet Colón.

*Segundo.* Que para ejecución de la antedicha resolución, previa prestación de la fianza exigida, se libró por el secretario mandamiento al márshal el cual lo cumplimentó en 18 de febrero citado, trabando embargo en ciertos bienes de la propiedad de Hernández Mena.

*Tercero.* Que en el juicio seguido por Benet Colón contra Hernández Mena se dictó sentencia por la Corte de Distrito de Mayagüez en 31 de octubre de 1913, condenando al demandado a satisfacer al demandante por indemnización de daños y perjuicios, la suma de $2,000 sin especial condenación de costas, contra cuya sentencia interpuso el demandado recurso de apelación para ante esta Corte Suprema, pendiente de que se apruebe la exposición del caso presentada por el apelante.

*Cuarto.* Que en 15 de mayo de 1914, a virtud de moción del demandante, la Corte de Distrito de Mayagüez por su Juez Hon. H. M. Hutchison, ordenó al secretario expidiera

nuevo mandamiento al márshal para que éste procediera a embargar bienes suficientes del demandado hasta cubrir la cantidad ya señalada para asegurar la efectividad de la sentencia. No aparece que esa orden haya sido cumplimentada.

Quedan relatados los procedimientos seguidos por la Corte de Distrito de Mayagüez con motivo del aseguramiento de la sentencia en el pleito de *José Benet Colón* v. *Agustín Hernández Mena*, por indemnización de daños y perjuicios; y examinados esos procedimientos en relación con la ley aplicable al caso, o sea la de 1º. de marzo de 1902 tal como quedó enmendada por la de 12 de marzo de 1903, opinamos que la Corte de Distrito de Mayagüez carecía de jurisdicción al dictar la orden de 15 de mayo de 1914, cuya nulidad, como la de las actuaciones relativas a su cumplimiento, se solicita en la petición de Hernández Mena.

Al resolver en 29 de abril de 1907 el caso de *Bolívar* v. *Aldrey, Juez de Distrito*, 12 D. P. R., 272, dejamos establecido que la Ley aprobada en 12 de marzo de 1903 bajo el rubro ''Ley para enmendar la ley titulada 'Ley sobre efectividad de sentencias, aprobada en marzo 1º. de 1902,' '' vino a desvanecer toda duda que pudiera ocurrir sobre el tiempo hábil para pedir el aseguramiento de sentencia, pues su sección 1ª. dispone en términos claros y precisos que la solicitud de aseguramiento podrá presentarse con la demanda o luego de interpuesta en cualquier período del juicio antes de sentencia final; y como por sentencia final, según entonces dijimos, debe entenderse la dictada en un pleito o procedimiento especial por la corte ante quien se siguió, surge como conclusión forzosa la de que habiendo ya recaído sentencia final en el caso de Benet Colón contra Hernández Mena cuando se dictó la orden de aseguramiento de 15 de mayo de 1914, ésta adolece de vicio de nulidad.

El presente recurso es análogo al ya citado de *Bolívar* v. *Aldrey,* y a éste nos referimos.

Por las razones expuestas procede se declare nula la orden que dictó la Corte de Distrito de Mayagüez en 15 de mayo

de 1914 sobre aseguramiento de sentencia, y nulos también los procedimientos consiguientes a dicha orden.

*Declarada con lugar la solicitud y anulada la orden impugnada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.